Mary Frances **LYON**, Administratrix of the Estate of Jewell D. Lyon, Deceased, Appellant,

v.

Dewey **WOOD** and John P. Glenn, Appellees.

Court of Appeals of Kentucky.

June 10, 1966.

As Modified on Denial of Rehearing Nov. 4, 1966.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

G. Sam Milam, Russellville, for appellee, John P. Glenn.

Donan & Vick, Greenville, Jesse L. Riley, Jr., Russellville, for appellee, Dewey Wood.

CLAY, Commissioner.

In this action against two doctor defendants for malpractice the trial court directed a verdict for both of them at the close of plaintiff appellant's evidence. Our only question on appeal is whether the plaintiff was entitled to have the issue of negligence submitted to the jury.

Plaintiff's husband was stricken with appendicitis on the night of August 18, 1963. On admission to the hospital he was attended by defendant Wood. The next day defendant Glenn, a surgeon, was called in and performed an appendectomy. No negligence was shown in the performance of this operation.

However, an unusual condition was discovered. Instead of the appendix being in the normal position in the right lower portion of the abdomen, it was found in the left upper part of the stomach. This condition apparently contributed to a development which was to prove fatal. Somehow the patient's intestines became twisted, gangrene set in, and he died three days after a second operation by another doctor.

There was testimony that after the appendectomy the patient suffered extreme pain and his stomach was appreciably swollen. The evidence would permit a fair inference that his postoperative condition progressively deteriorated. He was, however, discharged a week after the operation. His condition worsened the night following his discharge, and he was sent back to the hospital the following day. Three days later Dr. Harris operated and found a condition he could not cure.

The two principal items of negligence upon which the plaintiff relied were (1) the failure of the doctors to ascertain and to care for the patient's worsening condi-

tion, and (2) discharging the patient when he was seriously ill.

Dr. Harris testified in substance that the location of the appendix should have aroused suspicion that the intestines might be involved; that in view of the patient's worsening condition X-rays should have been made; and that he should not have been discharged from the hospital. He also testified that by the exercise of proper care and skill the patient's life could have been saved.

■ We cannot find in this record any substantial evidence that defendant Wood was negligent, and the trial court properly directed a verdict for him. In our opinion there was sufficient evidence to present a jury issue as to defendant Glenn's negligence.

■ This defendant attacks the qualifications and competency of Dr. Harris as an expert witness, principally on the ground that he could not and did not testify with respect to the usual standards of care followed in the hospital where the patient was treated. Yet his testimony shows that his opinions about proper procedures were based upon what he believed to be fair standards of due care in the community where these medical services were performed. His opinion, favorable to defendant Wood, was specifically founded upon such consideration. In addition, the proper procedures he outlined would appear to be those generally accepted.

■ We certainly do not say that plaintiff conclusively proved defendant Glenn negligent, or that the latter may not have a good defense. When we consider, however, that the patient's first operation disclosed an unusual situation; that his condition apparently deteriorated; that he was treated as an ordinary patient when there may have been reason to treat him otherwise; that the cause of his death was traceable to developments which had their inception after the first operation; and

the opinion testimony with respect to lack of due care, there was evidence of substance which would justify a finding of negligence by a jury. Under these circumstances a verdict was improperly directed for defendant Glenn at the conclusion of the plaintiff's evidence.

The judgment is affirmed as to defendant Wood and reversed as to defendant Glenn, with directions to grant plaintiff a new trial.